UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIN-HSIANG YUAN,<br><br>Defendant. | CR15-97 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant's pro se motion, docket no. 58, for a sentence reduction pursuant to 18 U.S.C. § 3582.  The Court may modify a term of imprisonment after it has been imposed if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," and if, considering the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable," a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Defendant contends that he is entitled to relief under § 3582(c)(2) by virtue of Amendment 782 to the United States Sentencing Guidelines ("USSG"), which revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two points the offense levels applicable to many drug trafficking offenses.

ORDER - 1

Amendment 782, however, took effect on November 1, 2014, over fourteen (14) months before defendant was sentenced, and defendant's guideline range was calculated based on the modifications to USSG § 2D1.1 that resulted from Amendment 782. The 60-month sentence imposed by the Court, *see* Judgment (docket no. 54), was below defendant's guideline range, which took into account the changes set forth in Amendment 782,[1] and the judgment in this matter is consistent with defendant's sentencing recommendation, *see* Def.'s Sentencing Memorandum (docket no. 44); *see also* Supplement to Def.'s Sentencing Memorandum (docket no. 49). Defendant's pro se motion for sentence reduction, docket no. 58, is therefore DENIED. The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to defendant pro se.

IT IS SO ORDERED.

Dated this 19th day of July, 2017.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

---

[1] The Government asserted that defendant's guideline range was 108-to-135 months, based on a total offense level of 31 and a criminal history category of I. *See* Pla.'s Sentencing Memorandum (docket no. 52). The probation officer computed a guideline range of 63-to-78 months, based on a total offense level of 26 and a criminal history category of I. *See* Presentence Investigation Report and Sentencing Recommendation (docket nos. 47 & 48). The difference between the Government's and the probation officer's figures was unrelated to Amendment 782, and instead involved whether defendant should receive mitigation and minor-role adjustments pursuant to USSG § 3B1.2. *See* Pla.'s Sentencing Memorandum at 3-4 (docket no. 52). Defendant agreed with the probation officer's analysis. *See* Def.'s Sentencing Memorandum at 6 (docket no. 44).

ORDER - 2